IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


DORIS BRIDGES                                                    Plaintiff

v.                                    4:05CV00987 WRW/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                         Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Doris Bridges, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. <u>Long v. Chater</u>, 108 F.3d 185, 187 (8th Cir. 1997); <u>see also</u>, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Reynolds v. Chater</u>, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. <u>Sultan v. Barnhart</u>, 368 F.3d 857, 863 (8th Cir. 2004); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based primarily on ankle pain.

(Tr. 303, 318)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 19, 2005, the date of his decision.  (Tr. 22-23)  On June 22, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-7)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 30 years old at the time of the hearing.  (Tr. 336)  She testified that she had completed the ninth grade in school in special education classes.[2]  (Tr. 301-02) She has past relevant work as a motel laundry worker, housekeeper in a hotel and in a hospital, bakery packager, mobile home layout labeler and daycare

---

[1] The Hon. Roy H. Leonard.

[2] On two different forms, she indicated that she had completed the tenth grade.  (Tr. 77, 83)  It makes no difference; either would qualify as a "limited" education.  20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3) (2004).

3

worker.  (Tr. 15, 88-93, 307-08)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2004).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at § 404.1520(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id., § 404.1520(a)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id., § 404.1520(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id., § 404.1520(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able

to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 404.1520(4)(v).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 22)  He found that Plaintiff had a "severe" impairment, right lateral malleolus[3] fracture, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations regarding her limitations were not totally credible.  Id.

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of unskilled sedentary work.  Id.  He found that she was unable to perform any of her past relevant work.  Id.  He correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  (Tr. 20)

The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 202.10[4] of the Medical-Vocational Guidelines directed a finding of not

---

[3] A rounded bony prominence such as those on either side of the ankle joint.  PDR Medical Dictionary 1058 (2d ed. 2000).

[4] It appears that the proper rule to apply in Plaintiff's circumstances is Rule 201.24, Table No. 1, Appendix 2, Subpart P, Regulations No. 4.  The ALJ's recitation of the incorrect rule is

disabled.  (Tr. 22)  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff first argues that the ALJ should have given less weight to the testimony of the vocational expert based upon materials offered by Plaintiff's counsel during the hearing and afterwards that showed his testimony to be inaccurate.  (Br. 38)  The ALJ addressed those arguments at some length in his opinion, but found the testimony of the vocational expert at the hearing to be "much more" persuasive because of the latter's expertise.  (Tr. 20-21)  Furthermore, although the vocational expert's testimony could be the basis for an alternative finding, the ALJ ultimately relied on the Medical-Vocational Guidelines as a basis for his finding that there were other jobs in the economy which Plaintiff could perform.  (Tr. 21, 22)

Second, Plaintiff contends that the ALJ should have propounded interrogatories or otherwise further developed the medical evidence by Johannes Gruenwald, M.D., the orthopaedist who performed surgery on her.  (Br. 38)  According to Plaintiff, she became unable to work in December of 2002, and eventually had surgery on her ankle in February of 2003.  (Tr. 303)  Dr. Gruenwald performed surgery to remove broken hardware August 6, 2003.  (Tr. 187)  Dr. Gruenwald considered her totally temporarily disabled.  Id.  By September 17, 2003, Plaintiff reported her pain level as 0 out of 10.  (Tr. 155)

---

merely harmless error, because the result under Rule 201.24 is also "not disabled."

That same day, Dr. Gruenwald gave her a return to work note.  (Tr. 156)  She was told to return to the clinic as needed.  Id.  She returned in January of 2004, but reported that she was having no pain.  (Tr. 237-39)

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  E.g., Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, there was clearly sufficient evidence upon which the ALJ could base his decision.

Plaintiff also contends that the ALJ's credibility analysis was inadequate and he failed to properly note that she needed to elevate her leg.  (Br. 39-40)  The ALJ analyzed Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).  (Tr. 16-20)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1.  the claimant's daily activities;
>
>   2.  the duration, frequency and intensity of the pain;
>
>   3.  precipitating and aggravating factors;
>
>   4.  dosage, effectiveness and side effects of medication;
>
>   5.  functional restrictions.

7

> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

The ALJ considered Plaintiff's subjective allegations, but discounted them for legally sufficient reasons, including Plaintiff's infrequent medical treatment, the reports of treating and examining physicians, Plaintiff's medical history, findings made on examination and, most importantly, the marked discrepancies between her allegations and the information contained in the documentary reports. (Tr. 19-20)

Plaintiff testified that she could not walk as far as three city blocks. (Tr. 305) On a Disability Supplemental Interview Outline she indicated that she could stand, walk and sit no more than five minutes without pain. (Tr. 82) However, she lived in an upstairs apartment. (Tr. 319) She attended college about an hour a day in an attempt to prepare for her General Equivalency Diploma. (Tr. 314) She attended church twice a week, about an hour and a half at a time. Id. She visited others, in her home and away. (Tr. 314-15)

Although she first testified that she had not tried to find employment, she then admitted that she had submitted job applications for hotel housekeeping. (Tr. 306)  She had actually worked two days as a hotel housekeeper.  (Tr. 305-06)  She admitted that her pain medications were effective in relieving her pain.  (Tr. 305)  She testified that she had pain once a week.  (Tr. 316)

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of more treatment, Plaintiff's daily activities, her poor work record, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).  The ALJ's credibility analysis was proper.  He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996);  Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Finally, Plaintiff suggests that she met Listing 1.06.  That Listing reads as follows:

9

> 1.06 *Fracture of the femur, tibia, pelvis, or one or more of the tarsal bones.* With:
> A. Solid union not evident on appropriate medically acceptable imaging and not clinically solid;
> and
> B. Inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur or is not expected to occur within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2004).

The definition of inability to ambulate effectively reads as follows:

> *b. What We Mean by Inability to Ambulate Effectively*
> (1) *Definition.* Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
> (2) *To ambulate effectively,* individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00 (2004).

Clearly, Plaintiff's limitations do not even remotely approach

those required to meet Listing 1.06.  For a plaintiff to show that her impairment matches a Listing, it must meet all of the specified medical criteria.  Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995), quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  Plaintiff has the burden of showing that she met a Listing.  Pyland v. Apfel, 149 F.3d 873, 877 (8th Cir. 1998).  She did not meet her burden.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed

with prejudice.

DATED this __18__ day of May, 2006.


*H. Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE